### JOHN CLONAN *vs.* PATRICK H. THORNTON.

#### March 27, 1875.

**Verdict justified by Evidence.**—The sufficiency of the evidence to sustain the verdict, and several unimportant exceptions considered, and the order refusing a new trial affirmed.

Appeal by plaintiff from an order of the court of common pleas for Ramsey county, *Hall*, J., presiding, refusing a new trial. The second instruction given at defendant's request, and referred to in the opinion, was, in effect, that partner-

ships may be created between persons, without the word "partnership" being mentioned, and may be wholly implied from other acts and transactions; and that if the grading and work in question were begun and prosecuted as the joint enterprise of plaintiff and defendant, the plaintiff can not recover in this action.

*E. C. Palmer* and *W. L. Kelly*, for appellant.

*Mead & Thompson*, for respondent.

GILFILLAN, C. J.   Suit for work and labor, use of tools and money paid out for defendant, in grading on Fort street in St. Paul.   Defence, that in doing the grading plaintiff and defendant were co-partners, and that the work and labor, and use of tools, and money paid out, were for the partnership, and various counterclaims, none of them, however, arising from the grading of Fort street.

On the trial, plaintiff moved that defendant be compelled to elect whether he would rely on the partnership pleaded in the answer, or upon the counterclaims.   As the answer does not allege the partnership to extend to the matters out of which the counterclaims are alleged to have arisen, this motion was properly denied.

There was sufficient evidence of the partnership alleged, and of the counterclaims, for the jury to pass upon. Joseph Thornton, a witness for defendant, gave evidence tending to show the partnership between plaintiff and defendant, and stated that he and defendant formed a partnership, July 21, 1873, which was after the accruing of the alleged counterclaims.   On cross-examination, the plaintiff asked him, "Were you an equal partner?"   "When you entered into such partnership, did you, or not, purchase an interest in the assets of his store?"   "The goods that were delivered to purchasers after July 21, 1873, were owned in part by you, were they not?"   "If Kelly was paid out of the store, after July 21, 1873, did not Thornton Bros. pay him?" which questions were objected to and excluded. None of them were properly cross-examination, and none of them would tend to prove any fact covered by the reply, as

that does not allege the joint ownership of the counter-claims by defendant with any other person.

The court refused to charge, as requested by plaintiff, "that if the jury find that plaintiff had paid for all the goods and money had of defendant by him, no recovery can be had by defendant on or for any of his said counterclaims." The refusal was correct, because, 1. The reply does not allege payment, and it is not, so far as we can see, proved. 2. There were counterclaims other than for goods or money.

The charge of the court on the defendant's second request was correct.

The order denying a new trial is affirmed.